IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Roderick Winkler, | ) | **C/A: 8:18-cv-1049-TMC** |
| | ) | |
| Plaintiff,, | ) | |
| | ) | **PLAINTIFF'S RESPONSES** |
| vs. | ) | **TO LOCAL RULE 26.03** |
| | ) | **INTERROGATORIES** |
| Albert Ray Humphrey, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Local Rule 26.03, the Plaintiff provides the following information:

(1)    *[26.03(A)(1)]:*  A short statement of the facts of the case:

On or about May 28, 2015, the Defendant, pulled out from a private driveway and failed to yield the right of way, slamming into the right side of a Dodge pickup traveling south on SC-413.  The Plaintiff, was a back-seat passenger in the Dodge pickup truck traveling South.  The collision caused by the Defendant; caused the Dodge truck to skid off the right shoulder and slam into a tree.  The collision caused the injuries to the Plaintiff.

**(2)    *[26.03(A)(2)]:*  The names of fact witnesses likely to be called by the parties and a brief summary of their expected testimony:**

*Plaintiff Witnesses:*

Roderick Winkler, Plaintiff will testify to his knowledge of the facts of this matter and his injuries.

Albert Ray Humphrey, The Defendant will presumably testify regarding his knowledge of the facts of the case.

John H. Estes, The driver of the vehicle the Plaintiff was riding in on the day of the accident.  He will testify to his knowledge of the facts of this matter.

Allen Joyce Richey, the other passenger in the vehicle the Plaintiff was riding in on the day of the accident.  He will testify to his knowledge of the facts of this matter.

C.W. Cannon-Lance/CPL who investigated the accident will presumably testify regarding his observations of the physical evidence and statements of witness on the scene.

Any and all medical care providers that have provided treatment for Roderick Winkler for these injuries may be called to testify in regard to the treatment and his injuries suffered in the accident. Some of these providers include, but are not limited to the following:

Any and all witness identified by any party during discovery may be called by the Plaintiff at trial.

**(3)** *[26.03(A)(3)]:* **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered)**

No expert has been designated at this time.

**(4)** *[26.03(A)(4)]:* **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Section 56-5-580 of the South Carolina Code defines a "right-of-way" as: "[T]he right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed and proximity as to give rise to danger of collision unless one grants precedence to the other."

South Carolina Code Section 56-5-2920 states: "Any person who drives any vehicle in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

The violation of a statute constitutes negligence per se and is evidence the defendant acted recklessly, willfully, and wantonly, requiring submission of the issue of punitive damages to the jury. *Wise v. Broadway, 433 S.E.2d 857 (1993).* a showing of statutory violation can be evidence of recklessness and willfulness, making the issue of

punitive damages a jury question; *Rhodes v. Lawrence, 279 S.C. 96, 97-98, 302 S.E.2d 343, 344 (1983)*

A factual question as to punitive damages is presented when there is evidence of a statutory violation.. *Austin v. Specialty Transp. Servs., Inc., 358 S.C. 298, 314, 594 S.E.2d 867, 875 (Ct. App. 2004) Fairchild v. S. Carolina Dept. of Transp., 27112, 2012 WL 1194438 (S.C. Apr. 11, 2012)*

In South Carolina, the award of punitive damages does not rest in the jury's discretion, but is recoverable as a matter of right. *Broom v. Se. Highway Contracting Co., 291 S.C. 93, 98, 352 S.E.2d 302, 305 (Ct.App.1986)*, abrogated on other grounds, *Davenport v. Cotton Hope Plantation Horizontal Prop. Regime, 333 S.C. 71, 508 S.E.2d 565 (1998) (citing Sample v. Gulf Ref. Co., 183 S.C. 399, 410, 191 S.E. 209, 214 (1937)).* the jury has a duty to award punitive damages if the jury finds the plaintiff's rights have been consciously, willfully, or recklessly violated." 183 S.C. at 410, 191 S.E. at 214. *Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Communities, Inc., 4943, 2012 WL 469730 (S.C. Ct. App. Feb. 15, 2012), reh'g denied (Apr. 20, 2012)*

**(5)** *[26.01(A)(5)]:* **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Rule 16.02:**

**(a)** **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

The deadlines set forth in the Conference and Scheduling Order filed on June 27, 2018 are appropriate.

**(b)** **Completion of discovery.**

The deadlines set forth in the Conference and Scheduling Order filed on June 27, 2018 are appropriate.

**(6)** *[26.01(A)(6)]:* **The parties shall inform the Court whether there are any**

**special circumstances which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civil Rule 16.02(C) (Content of Scheduling Order).**

There are no special circumstances at this time that would affect the time frames established in the Conference and Scheduling Order of June 27, 2018.

**(7)** *[26.01(A)(7)]:* **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested at this time.**

None at this time.

*s/Pamela R. Mullis_____*
Pamela R. Mullis, Fed ID: 7254
MULLIS LAW FIRM
Post Office Box 7757
Columbia, South Carolina 29202
(803) 799-9577

ATTORNEY FOR PLAINTIFF

July 24, 2018