IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Roderick Winkler, | CIVIL ACTION NO: 8:18-cv-01049-TMC |
| Plaintiff, | |
| vs. | **DEFENDANT'S ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |
| Albert Ray Humphrey, | |
| Defendant. | |

Pursuant to Local Rule 26.03, the Defendant provides the following information:

**(1)     A short statement of the facts of the case.**

Liability in this case is disputed.  This accident occurred on Highway 413 in Anderson County.  Plaintiff was traveling Southbound on Highway 413 in a 2007 Chevy Pickup as a passenger.  The Defendant, Albert Ray Humphrey was exiting a private driveway eastbound in a 1994 Chevy Camaro.  Plaintiff claims Defendant failed to yield the right of way by entering Highway 413 and striking the right side of the Plaintiff vehicle.  Thereafter, the Plaintiff vehicle lost control, skidding laterally off the right side of the road with the back end of the vehicle ultimately striking a tree.

The Defendant claims that the accident was the fault of the Plaintiff.  Defendant alleges that he was at the end of the driveway waiting to merge onto Highway 413 when the Plaintiff vehicle came around a curve in the roadway from his left, sideswiped the front of his vehicle before losing control, skidding off the roadway and striking a tree.

**(2)     The names of fact witnesses likely to be called by the parties and a brief summary of their expected testimony.**

1.  Roderick Winkler.  He is the Plaintiff and is expected to testify regarding his knowledge of the accident and the injuries he claims to have sustained.

2.  Albert Ray Humphrey.  He is the Defendant and is expected to testify regarding his knowledge of the case.

3.  Benjamin Ray Humphrey.  He was a passenger in the Defendant vehicle and is expected to testify regarding his knowledge of the case.

4.  John Estes.  He was the driver of the Plaintiff vehicle and is expected to testify regarding his knowledge of the case.

5.   Allen Joyce Richey.  He was a passenger in the Plaintiff vehicle and is expected to testify regarding his knowledge of the case.

6.   Officer C. W. Cannon.   He is the investigating officer and is expected to testify consistently with his report.

**(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

No expert has been designated at this time.

**(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

1.   Sole negligence of the Plaintiff.

2.   Comparative Negligence:  <u>Clark v. Cantrell</u>, 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000); <u>Nelson v. Concrete Supply Co</u>., 303 S.C. 243, 399 S.E.2d 783 (S.C. 1991).

3.   Assumption of Risk:  <u>Allison v. Charter Rivers Hospital, Inc</u>. 334 S.C. 611, 514 S.E.2d 601 (Ct. App. 1999).

4.   Unavoidable accident

5.   Sole negligence of a third-party

6.   Unconstitutionality of punitive damages

7.   Punitive damages cannot exceed 3 x actual damages. SC Code 15-32-530

**(5)    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines as listed in Local Rule 16.02"**

**(a) Exchange of Fed R. Civ. P. 26(a)(2) expert disclosures; and**

The deadlines set forth in the Conference and Scheduling Order filed on June 27. 2018 are acceptable.

**(b) Completion of Discovery**

The deadlines set forth in the Conference and Scheduling Order filed on June 27. 2018 are acceptable.

**(6)      The parties shall inform the court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.  See generally Local Civil Rule 16.02(C) (Content of Scheduling Order).**

The Defendant is currently represented by counsel that was retained by his auto liability policy. The liability carrier has tendered its policy limits in exchange for a covenant not to execute.  This tender has not yet been accepted.  At some point, this tender will hopefully be accepted and a UIM lawyer will appear to defend the interests of the UIM carrier.  Should this happen the deadlines in the order may need to be changed.

**(7)      The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested at this time.**

None at this time.

s/George V. Hanna, IV
George V. Hanna, IV, Fed, ID # 7419
Howser, Newman & Besley, LLC
1508 Washington Street
P.O. Box 12009
Columbia, South Carolina  29211
 (803) 758-6000
ghanna@hnblaw.com
Attorneys for Defendant